IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE PRZYBYSZEWSKI,       : | |
|              Petitioner,       : | |
|                            : | |
|     v.       : | Civ. No. 14-974 |
|                            : | |
| COMMONWEALTH OF       : | |
| PENNSYLVANIA, et al.,       : | |
|              Respondents.       : | |

## O R D E R

Petitioner Theodore Przybyszewski, proceeding *pro se*, has objected to Magistrate Judge Rueter's Report and Recommendation dismissing Petitioner's claims for § 2254 relief as time-barred. (Doc. Nos. 48, 50); 28 U.S.C. § 2254. For the following reasons, I will overrule Petitioner's objections, approve and adopt the Report, and dismiss the Petition as time-barred and as a "mixed" Petition.

    **I.**    **Background**

On September 9, 1987, Petitioner pled guilty in Pennsylvania state court to first-degree murder and possession of an instrument of crime. He was twenty-four years old when he committed those offenses. He received a sentence of life imprisonment after the Commonwealth, in exchange for Petitioner pleading guilty, agreed not to seek the death penalty. Petitioner has since initiated numerous collateral challenges in state court and civil rights actions in this Court. (Doc. No. 48 at 1-2, 4 n.2); 42 U.S.C. § 1983.

On February 12, 2014, he filed the instant 240-page § 2254 Petition. (Doc. No. 14); 28 U.S.C. § 2254. Petitioner contends, *inter alia*, that: (1) he was incompetent when he pled guilty; and (2) his sentence was unconstitutional under the holding of Miller v.

1

Alabama that a sentence of "mandatory life without parole for those under the age of eighteen at the time of their crimes violates the Eighth Amendment." 132 S. Ct. 2455, 2460 (2012). I referred the Petition to Magistrate Judge Rueter for a Report and Recommendation, and on February 25, 2015, Judge Rueter recommended dismissing the Petition as time-barred by some seventeen years. (Doc. No. 48 at 6.)

One week earlier, on February 18, Petitioner filed a Notice of Appeal. (Doc. No. 43.) He did not indicate which order he was appealing, however.

On March 13, 2015, Petitioner objected to Judge Rueter's Report in a 193-page *pro se* filing, which he supplemented with hundreds of pages of exhibits. (Doc. Nos. 50, 52, 55-60.) He argues, in relevant part, that his Petition was timely because he could not challenge his conviction until November 24, 2009, when he received medication that controlled his purported mental illness. After filing his objections, on April 16, Petitioner asked me to stay this matter pending the resolution of a state collateral proceeding. (Doc. No. 69.)

**II.     Standard of Review**

In reviewing the Magistrate Judge's Report, I must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations. Id. As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d

Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

### III.  Discussion

*Jurisdiction*

As I have discussed, Petitioner did not indicate which order he had appealed on February 18, 2015.  In any event, because neither Judge Rueter nor I had issued an appealable order before February 18, I believe I retain jurisdiction over this matter.  (See Doc. Nos. 2, 4, 6, 9, 12, 13, 15, 22, 26, 28, 32, 34, 37 (orders extending deadlines, amending case caption, waiving Petitioner's obligation to file copies, staying proceedings, referring the matter to Judge Rueter, and addressing Petitioner's *in forma pauperis* status)); see Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989) ("Unlike a timely notice of appeal, a premature notice of appeal does not divest the district court of jurisdiction."); United States v. Wilkes, 368 F. Supp. 2d 366, 367 (M.D. Pa. 2005) ("[A] district court may continue to exercise authority over a case after the filing of a notice of appeal . . . if the appeal is patently frivolous [or] relates to a non-appealable order or judgment." (footnote omitted)).

*Statute of Limitations*

Because Petitioner's conviction was final before AEDPA became effective on April 24, 1996, Petitioner must have sought § 2254 relief by April 23, 1997.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir.1998) (AEDPA established a one-year "grace period" for petitioners whose convictions became "final" before the AEDPA became

effective); Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004) (absent tolling, petitioner in these circumstances must file by April 23, 1997).

To the extent Petitioner argues the limitations clock should have started when Miller was decided on June 25, 2012, he is incorrect. See 28 U.S.C. § 2244(d)(1)(C) (limitations clock starts on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). The Third Circuit is currently considering whether Miller applies retroactively. Songster v. Beard, C.A. Case No. 12-3941. Assuming, *arguendo*, Miller applies retroactively, however, it is inapplicable here because Petitioner committed the instant offenses when he was twenty-four years old. Accordingly, the limitations period does not start on the date of the Miller decision. See Washington v. Wetzel, No. 13-3278, 2014 WL 982334, at *2 (E.D. Pa. Mar. 13, 2014) (limitations clock did not start when Miller was decided because petitioner "was twenty years old at the time he committed the murder").

I also agree with Judge Rueter that Petitioner has not demonstrated the limitations period was tolled until February 12, 2013—one year before he filed the instant Petition. With respect to statutory tolling, although Petitioner filed PCRA proceedings between April 23, 1997 and February 12, 2013, those proceedings were dismissed as untimely and thus cannot toll the limitations period. See 28 U.S.C. § 2244(d)(2) ("The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (emphasis added)); Merritt v. Blaine, 326

F.3d 157, 165 (3d Cir. 2003) (untimely PCRA petition not "properly filed" under AEDPA).

Moreover, Petitioner has not shown that his purported mental illness equitably tolled the limitations period. See Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), overruled in part on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (mental illness is an "extraordinary circumstance" warranting tolling where "the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition"); United States v. Harris, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003) ("A mental condition that burdens but does not prevent a prisoner from filing a timely habeas petition does not constitute an extraordinary circumstance warranting equitable tolling."). For one, Petitioner alleges that he was competent to challenge his conviction on November 24, 2009—when medication "brought him back down to earth and reality"—but has not explained why he failed to bring the instant Petition until some four-and-a-half years after that date. (Doc. No. 48 at 2.) Moreover, he has not presented any record evidence of his incompetence, and his filing of PCRA and § 1983 proceedings during the time of his alleged mental infirmity suggests that his equitable tolling contentions are baseless. See Sincavage v. Cameron, No. 11-7813, 2014 WL 1765246, at *7 (E.D. Pa. May 5, 2014) (Mag. J.) (collecting cases holding that "[w]here a petitioner has filed other pleadings during an alleged period of incompetency, courts are often unwilling to find that equitable tolling is appropriate"). Accordingly, I am compelled to agree that the instant § 2254 Petition is untimely.

*Exhaustion*

Petitioner acknowledges that some of his claims are pending in state court. (Doc. No. 69.) Accordingly, I conclude in the alternative that his "mixed" Petition must be dismissed. See Rose v. Lundy, 455 U.S. 509, 510 (1982) ("Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.").

**AND NOW**, this 20th day of May, 2015, it is hereby **ORDERED** that:

1. Petitioner's Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

2. The Magistrate Judge's Report and Recommendation (Doc. No. 48) is **APPROVED AND ADOPTED**;

3. Because Defendant has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability;

4. Defendant's Miscellaneous Motions (Doc. Nos. 18, 40, 65, 69, 71) are **DENIED as moot**; and

5. The Clerk shall mark this case **CLOSED**.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.